IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REILLY PERETT, | ) |
| | ) |
| Plaintiff, | ) |
| -vs- | ) |
| | ) Civil Action No. 07-593 |
| HARMAR TOWNSHIP, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

In this civil action, Plaintiff, formerly Chief of Police of Defendant Harmar Township, claims that Defendant, in violation of federal and state law, discharged him after he filed a Complaint with the Pennsylvania Ethics Commission. In a single document (Docket No. [16]), Defendant has filed a Motion for More Definite Statement of Plaintiff's First Amendment and Whistleblower Claims (Counts I and III), a Motion to Dismiss Plaintiff's claims under due process and the Police Tenure Act, 53 P.S. § 811 (Counts II and IV) pursuant to Fed. R. Civ. P. 12(b)(6) and 56, and a Motion to Dismiss the breach of contract claim (Count V) pursuant to Fed. R. Civ. P. 12(b)(6).

For the following reasons, Defendant's Motions will be denied.

### I. MOTION FOR MORE DEFINITE STATEMENT

**A. APPLICABLE STANDARDS**

A motion for more definite statement may succeed if a pleading is "so vague and ambiguous "that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The notice pleading standard imposed by the federal

rules merely "requires a plaintiff to provide the opponent with fair notice of a claim and the grounds on which that claim is based." Kanter v. Barella, 489 F.3d 170, 175 (3d Cir. 2007). Accordingly, "[m]otions for more definite statement are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." Synagro-WWT v. Rush Tp., Penn., 204 F. Supp. 2d 827, 849-850 (M.D. Pa. 2002).

B. DEFENDANT'S MOTION

Defendant complains that Plaintiff's Whistleblower and First Amendment claims are insufficiently specific, because Plaintiff bases those claims on the averment that he filed a complaint with the Pennsylvania Ethics Commission, pursuant to the Public Official and Employee Ethics Act regarding "corruption, wrongdoing, waste, and/or misconduct in connection with the actions of one of its Township Supervisors, Kim Toney."  In particular, Defendant seeks further information regarding the content of Plaintiff's ethics complaint. Plaintiff's Second Amended Complaint, however, clearly provides Defendant with sufficient information to craft a responsive pleading. I will deny Defendant's Motion to that extent.

II. MOTION TO DISMISS

A. APPLICABLE STANDARDS

On a Motion to Dismiss made pursuant to Rule 12(b)(6), if matters outside the pleading are presented and not excluded by the Court, the Court may consider the Motion pursuant to Rule 56 standards.  The conversion of a 12(b)(6) Motion into one

for summary judgment lies within the Court's discretion.  <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1462 (3d Cir. 1992); <u>Nieves v. Ortiz</u>, No. 06-5206, 2007 U.S. Dist. LEXIS 44233, at **11-12 (D.N.J. June 18, 2007).  Such a conversion requires that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b)(6).  In this instance, as more fully discussed <u>infra</u>, the record is insufficient to permit adjudication under Rule 56.  Instead, I will confine my ruling to the face of the Second Amended Complaint, and treat it under Rule 12(b)(6) standards.

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff.  <u>Colburn v. Upper Darby Twp.</u>, 838 F. 2d 66, 666 (3d Cir. 1988).  In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." <u>Id.</u> at 666. Complaints "need not plead law or match facts to every element of a legal theory." <u>Weston v. Pennsylvania</u>, 251 F. 3d 420, 429 (3d Cir. 2001).   Dismissal is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." <u>Bell Atlantic Corp. V. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

B.  <u>DEFENDANT'S MOTION - POLICE TENURE ACT AND DUE PROCESS</u>

Defendant argues that Plaintiff's claims under the Police Tenure Act and federal due process must fail, because Plaintiff was provided with adequate process

throughout the subject discharge.

"To state a claim under [section] 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006).

As several courts have held, "[t]he Police Tenure Act provides adequate procedural safeguards for a full evidentiary hearing subsequent to suspension or termination." Truhe v. East Penn Twp., No. 3:05-CV-1253, 2007 U.S. Dist. LEXIS 3976, at *17-18 (E.D. Pa. Jan. 19, 2007) (citing Kelly v. Warminster Twp. Bd. of Supervisors, 404 A.2d 731 (Pa. Commw. 1979)).

Nevertheless, an essential principle of due process is that a deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing appropriate to the nature of the case." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L. Ed. 494 (U.S. 1985). In terms of the pre-deprivation process required, "[t]he hearing need not be elaborate, but the employee is entitled to notice of the charges, an explanation of the employer's evidence, and an opportunity to explain." Edmundson v. Borough of Kennett Square, 4 F.3d 186, 193 (3d Cir. 1993). Moreover, "[t]he opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." Loudermill, 470 U.S. at 546.

In this case, the record is simply not sufficiently developed to permit a Rule

56 determination regarding the adequacy of pre-deprivation process. Absent formal discovery, I am not convinced that Plaintiff has had a reasonable opportunity to respond as required by summary judgment standards.[1] Although Plaintiff has not presented any record evidence in opposition to Defendant's Motion, his allegations raise the possibility that the hearing provided was inadequate.[2] Plaintiff alleges, and Defendant does not dispute, that he had a property interest in his employment, and that a pre-termination meeting occurred. Plaintiff further alleges that at the pre-termination meeting, he was not provided the opportunity to present his side of the story, or to engage in cross-examination. Under 12(b)(6) standards, the Complaint is sufficient to state a claim for deprivation of due process, and I will deny the Motion accordingly.

C. DEFENDANT'S MOTION - BREACH OF CONTRACT

Defendant also moves to dismiss Plaintiff's breach of contract claim pursuant to Fed. R. Civ. P. 12(b)(6), on grounds that the contract is void.

Plaintiff's breach of contract claim rests on Defendant's alleged refusal to permit Plaintiff to exercise a contractual option to resign as Chief of Police, and to return to the role of Captain. Defendant argues that a municipality cannot enter

---

[1] Although Plaintiff clearly intends to rely on his Second Amended Complaint as an affidavit, the Complaint is unverified. Typically, allegations in a complaint are not admissible evidence for purposes of opposing summary judgment.

[2] I note that in Truhe v. East Penn Twp., 2007 U.S. Dist. LEXIS 3976, on which Defendant relies, Plaintiff was offered a pre-termination hearing, and opted not to attend. In this matter, In this case, Plaintiff did not avail himself of *post*-deprivation procedures; he does not, however, claim those procedures inadequate. The present Plaintiff did participate in pre-deprivation procedures, and alleges that those procedures were constitutionally infirm.

into a contract that would bind its elected successors, and a contract that does so is void. Neither party submits to the Court a copy of the contract; Plaintiff merely recites its purported terms. On the face of Plaintiff's Complaint, he has pleaded the existence of an agreement and its breach; I simply cannot determine that the alleged agreement is void, and thereby dismiss the claim for its violation. Defendant's Motion to dismiss the contract claim will be denied.

## CONCLUSION

In sum, according to standards imposed by Rule 12(b)(6) and 12(e), Plaintiff has stated a sufficiently definite claim, and has also stated claims upon which relief may be granted. Defendant's Motions will be denied, and an appropriate Order follows.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF COURT

AND NOW, this **17th** day of September, 2007, after careful consideration and for the reasons set forth within, it is ORDERED that Defendant's Motion to Dismiss and Motion for More Definite Statement (Docket No. [16]) are DENIED.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge