IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REILLY PERRETT, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 07-593 |
| HARMAR TOWNSHIP, | ) ) ) |
| Defendant. | ) |

<u>AMBROSE</u>, Chief District Judge.

## <u>MEMORANDUM OPINION and ORDER</u>

On August 8, 2008, I entered an Opinion and Order of Court denying summary judgment to Defendant's on Counts I, II, and V. (Docket No. 66). Defendant requests that I reconsider the denial as to Count V because I improperly rejected their argument that the contract was void *ab initio* and incorrectly found that even if the contract was void in some aspect that there was sufficient evidence that it had been ratified. (Docket No. 71). Plaintiff has filed a response thereto. (Docket No. 75). The issue is now ripe for review.

To grant a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a manifest injustice stemming from a clear error of law or fact. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999); *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

> Where the moving party argues that the court overlooked certain evidence or controlling decisions of law which were previously presented, a court should grant a motion for reconsideration only if the matters overlooked might reasonably have resulted in a different conclusion. *Cataldo v. Moses*, 361 F.Supp.2d 420, 433 (D. N.J. 2004). A mere disagreement with the decision does not suffice to show that the court overlooked relevant facts or

> controlling law. *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D. N.J. 1999). Nor may a motion for reconsideration be used to present new legal theories or arguments which could have been made in support of the first motion. *Federico v. Charterers Mut. Assur. Ass'n*, 158 F.Supp.2d 565, 578 (E.D. Pa. 2001).
>
> Where the basis of the motion for reconsideration is to correct a manifest injustice, the party must persuade the court that not only was the prior decision wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir.1998); *McCloud v. City of Sunbury,* CA No. 04-2332, 2006 U.S. Dist. LEXIS 16560, *4 (M.D. Pa. Apr. 3, 2006). "Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re Loewen Group*, CA No. 98-6740, 2006 U.S. Dist. LEXIS 200, *4-*5 (E.D.Pa. Jan. 5, 2006), *quoting Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D.Pa.1992). "A district court has considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.*

*Payne v. DeLuca ,* No. 2:02-CV-1927, 2006 WL 3590014, *1 -2 (W.D. Pa. Dec. 11, 2006).

Defendant's Motion for Reconsideration only relates to Plaintiff's Count V breach of contract claim. (Docket No. 71). Defendant first takes issue with the finding that the Plaintiff's employment agreement was not void *ab initio*. However, Defendant continues to rely upon *Borough of Pitcairn v. Westwood,* 848 A.2d 158, 164 (Pa. Commw. 2004) which dealt with an eleventh hour civil service hiring involving the prior board's wrongful intent to bind. There is no evidence of wrongful behavior on behalf of the hiring Board with regard to the agreement with Perrett. The agreement was open-ended enough to allow future Boards to alter the terms, and most importantly, they could still remove Perrett pursuant to the Police Tenure Act as adopted by the agreement. Defendant takes issue with the open-ended time frame assigned to the contract. However, as discussed in my opinion, even if the agreement was voidable (not void *ab*

*initio*)[1] or a particular clause was void, there is evidence that the remainder of the agreement was subsequently ratified by the later board.

Defendant asserts that this case "is devoid of any evidence whatsoever that the Township Supervisors who voted to terminate Perrett ratified his 'employment agreement'". (Docket No. 72, p. 2). However, as stated in the opinion, the Board continued to employ Perrett pursuant to the agreement and the Police Tenure Act. In other words, there is evidence that they ratified the contract through conduct. If the agreement was unenforceable in the manner in which the Defendant claims, there would have been no need to do so as Perrett would not legally have been an employee/officer of the township. Therefore, the Board would not have needed to continue to pay him as chief, give him benefits as chief, or to seek disciplinary measures pursuant to the contract and the Police Tenure Act, which, in fact, they did. Defendant alleges that statements were made on behalf of the firing Board asserting that they did not believe that the agreement was enforceable. However, at the summary judgment stage, I must view the evidence in favor of the non-moving party, in this case, the plaintiff. Therefore evidence of the Board upholding the contract through conduct serves as sufficient evidence at this stage to show ratification on behalf of the Board.

Furthermore, Plaintiff now raises an issue of a severability clause within the agreement which further suggests that the agreement could not have been void as against public policy at its inception. (Docket No. 75, pp. 7-8). The clause states that "if any clause or provision of the Agreement shall be determined to be invalid or unenforceable, the remainder of the Agreement shall remain in full force and effect." (Docket No. 58, Tab 28). Therefore, since it is clear that the hiring Board had the ability to contract with Perrett for at least the extent of that Board's duration and the agreement includes the above severability clause, when the new Board acted

---

[1] Defendant should note that when discussing ratification, I used the term void and not the term void *ab initio* as they seem to suggest.

3

as if the contract were still in force, there is evidence that the Board adopted or ratified a continuing term of agreement. As a result, even if Defendant's current assertions were correct, I could not find that this agreement was void *ab initio*.

Finally, Defendant has now expounded on an argument it made earlier stating that the agreement violates the Police Tenure Act because the reasons set forth in 53 P.S. §812 constitute the only reasons for which an officer may be reduced in rank. They then argue that this clearly means that an individual cannot contract to have the choice to reduce his or her rank as reduction in rank can only be accomplished by the Board. As this argument relies, in part, on issues I have already discounted and in any event, the Defendant has failed to cite any case law in support of its particular reading of the Police Tenure Act with regard to a voluntary demotion not pursuant to a disciplinable offense or disability, I find this argument to be without merit. Consequently, Defendant has failed to persuade me that my prior decision was clearly wrong and that the adherence thereto would create a manifest injustice or that there is new evidence that might have resulted in a different conclusion.

THEREFORE, this **23rd** day of October, 2008, after careful consideration of Defendant's Motion for Reconsideration (Docket No. 71), it is ordered that said Motion is denied.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge